UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ELCY STEPHEN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 18 C 130 |
| v. ) | |
| ) | Judge Sara L. Ellis |
| HOME DEPOT U.S.A., INC., GRAND ) | |
| FLOWER GROWERS, INC., and GRAND ) | |
| SERVICE, LLC, ) | |
| ) | |
| Defendants. ) | |

## OPINION AND ORDER

After tripping on a garden hose and falling at one of Home Depot U.S.A., Inc.'s ("Home Depot") stores in Orland Park, Illinois, Plaintiff Elcy Stephen filed this action against Defendants Home Depot, Grand Flower Growers, Inc. ("Grand Flower"), and Grand Service, LLC ("Grand Service"). Stephen alleges that Defendants negligently maintained the garden department at the store, creating a dangerous and unsafe condition that caused her severe injury. Defendants filed a motion for summary judgment. Because issues of fact exist as to whether the hose on which Stephen tripped constituted an open and obvious condition and, alternatively, whether the distraction exception to that rule applies, the Court cannot conclude as a matter of law that Defendants did not owe Stephen a duty of care and so denies Defendants' motion for summary judgment.

**BACKGROUND**

**I.       Resolution of Parties' Joint Motion for Ruling on Undisputed Facts [65]**

This Court's summary judgment procedures differ from Local Rule 56.1, in that this Court requires the parties to submit a joint statement of undisputed facts. Judge Sara L. Ellis,

Case Procedures, Summary Judgment Practice, https://www.ilnd.uscourts.gov/judge-info.aspx?VyU/OurKKJRDT+FUM5tZmA==; *see Sweatt v. Union Pac. R.R. Co.*, 796 F.3d 701, 711–12 (7th Cir. 2015) (affirming this Court's summary judgment procedures). If parties cannot agree whether their proposed statements of fact are in dispute, the Court requires the parties to file a joint motion prior to filing for summary judgment so that the Court can determine whether the proposed statement of fact may be included in the joint statement as undisputed facts. Judge Ellis, Summary Judgment Practice. The party opposing summary judgment may submit additional facts it contends demonstrate a genuine issue of material fact in its response, providing citations to supporting material. *Id.*

Here, the parties prepared a joint statement of undisputed facts but could not agree on the inclusion of four of Defendants' proposed facts in the joint statement. The parties filed the required motion, and the Court now sets forth its ruling on these facts:

Proposed Fact 18: Stephen saw hoses lying around the garden department in 2014 or 2015.

Stephen testified that she had seen hoses on the ground of the garden department at the Orland Park store on previous visits. She nonetheless objects to this fact as irrelevant because her injuries occurred in 2016. As noted in the Court's summary judgment procedures, to the extent admissible evidence supports a proposed fact, a party cannot refuse to stipulate to that fact on the basis that it deems the fact "not material" or "irrelevant." *Id.* Therefore, the Court finds this fact undisputed.

Proposed Fact 33: The hose was open and obvious.

Although Keane testified that, in her opinion, the hose was open and obvious, this proposed fact draws the ultimate legal conclusion Defendants ask the Court to reach in ruling on their summary judgment motion. Therefore, the Court excludes this proposed fact as a legal

conclusion, but it does take into consideration Keane's factual testimony as to the condition of the garden center on the day of Stephen's fall as set forth in ¶¶ 31, 32, 34, and 36 of the Joint Statement of Undisputed Facts.

Proposed Fact 35: Nothing was blocking anyone's view of the hose.

Defendants cite to Annette Keane's deposition testimony to support this proposed fact. Stephen objects based on her testimony that she was turning a corner when she fell and Keane's inability to testify as to what Stephen saw. To address Stephen's objection, the Court modifies this proposed fact to read: Keane testified that she did not observe anything that would block anyone's view of the hose. Framed in this manner, the fact is undisputed.

Proposed Fact 38: Although Home Depot has a sprinkler system, it can be used only at night because if it were used during the day customers would be "soaking wet."

Stephen objects to this statement as irrelevant because the Home Depot store in question had overhead reels with hoses on them. As discussed, however, irrelevance is not a basis for failing to stipulate to a fact. Nonetheless, the Court revises this proposed fact to clarify that Kevin Hesse testified that Home Depot chose not to use the sprinkler system during the day, not that such use was impossible. The Court thus considers the following statement of fact as undisputed: Although Home Depot has a sprinkler system, Home Depot's policy is to use it only at night because if it were used during the day customers would be "soaking wet."

## II. Facts[1]

Grand Flower grows flowers that Home Depot sells on a consignment basis in its stores, including its Orland Park store. Grand Flower hires employees from Grand Service to maintain

---

[1] The Court derives the facts in this section from the Joint Statement of Material Undisputed Facts, as modified by the Court, and the additional facts Stephen submitted in her response. The Court includes in this background section only those facts that are appropriately presented, supported, and relevant to resolution of the pending motion for summary judgment. The Court takes all facts in the light most favorable to Stephen, the non-movant.

3

and water plants it provides to Home Depot. Watering occurs throughout the day to prevent plants from drying up, with employees watering the plants during store hours and a sprinkler system operating overnight. Home Depot instructed employees to set up caution signs as necessary while watering and to reel in hoses when not in use.

On May 19, 2016, around midday, Stephen visited the Orland Park Home Depot to purchase plants. After spending approximately ten minutes in the garden center, Stephen tripped on a garden hose stretched across one of the aisles. Stephen testified that her right foot got tangled in the hose, causing her to fall on the concrete floor. Stephen injured her right shoulder, right knee, and right ankle, and she has incurred medical bills totaling over $100,000. Immediately before falling, Stephen had rounded a corner while looking up at some flowers. She did not have anything in her hands and was not pushing a shopping cart. Stephen had not observed hoses in the area, anyone watering flowers, or any warning signs or barricades, although she did notice water on the ground. She saw the hose only after her foot got tangled in it. Stephen had previously visited the Orland Park store to buy plants, and she recalled noticing hoses on the ground in the store's garden center during at least one of her prior visits. Stephen also generally knew that Home Depot employees watered plants in the garden center.

Keane, a Home Depot Garden Associate, assisted Stephen after she fell. Although Stephen cannot recall the amount of light in the area where she fell, she testified to "beautiful" weather that day. Doc. 71 ¶ 12. Keane testified that it was a bright day and that, despite parts of the outside garden center being shaded, she did not have any vision issues while walking around the garden center that day. Keane further testified that hoses customarily cross aisles and that she did not have any problems seeing the hose on which Stephen tripped as she walked over to help Stephen after the fall. Indeed, Keane testified that someone walking from the back of the

store to the front or vice versa would not have had difficulty seeing the hose because nothing obstructed the view of the hose and the lighting was bright. She also testified that customers typically frequent the garden center without incident while employees water plants. Home Depot confirmed that, in the three years before Stephen's fall, it had no record of another incident involving a customer tripping over a hose in the garden department of the Orland Park store. Hesse, the assistant store manager, also did not recall any complaint of customers tripping over a hose in his three years working at the Orland Park store or, more generally, in his thirty years working for Home Depot.

## LEGAL STANDARD

Summary judgment obviates the need for a trial where there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56. To determine whether a genuine issue of fact exists, the Court must pierce the pleadings and assess the proof as presented in depositions, answers to interrogatories, admissions, and affidavits that are part of the record. Fed. R. Civ. P. 56 & advisory committee's notes. The party seeking summary judgment bears the initial burden of proving that no genuine issue of material fact exists. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). In response, the non-moving party cannot rest on mere pleadings alone but must use the evidentiary tools listed above to identify specific material facts that demonstrate a genuine issue for trial. *Id.* at 324; *Insolia v. Philip Morris Inc.*, 216 F.3d 596, 598 (7th Cir. 2000). Although a bare contention that an issue of fact exists does not create a factual dispute, *Bellaver v. Quanex Corp.*, 200 F.3d 485, 492 (7th Cir. 2000), the Court must construe all facts in a light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986).

**ANALYSIS**

To succeed on her negligence claim, Stephen must establish that (1) Defendants owed her a duty, (2) Defendants breached that duty, and (3) Defendants' breach proximately caused her injury. *Rhodes v. Ill. Cent. Gulf R.R.*, 172 Ill. 2d 213, 227 (1996). Defendants argue that Stephen cannot prevail on her negligence claim because she cannot establish that Defendants owed her any duty because the hose on which she tripped constituted an open and obvious condition.

In determining whether a duty exists, the Court considers "(1) the reasonable foreseeability of the injury, (2) the likelihood of the injury, (3) the magnitude of the burden of guarding against the injury, and (4) the consequences of placing that burden on the defendant." *Bruns v. City of Centralia*, 2014 IL 116998, ¶ 14. An open and obvious danger does not automatically negate a finding of a legal duty but instead renders the first two factors in the legal duty inquiry slight and weighs against the imposition of such a duty. *Id.* ¶ 19; *see also Bujnowski v. Birchland, Inc.*, 2015 IL App (2d) 140578, ¶ 55 ("No published premises-liability negligence case that we have found held both (1) that the open-and-obvious rule applied without exception and (2) that the defendant nonetheless owed the plaintiff a duty."). Under the open and obvious rule, "a party who owns or controls land is not required to foresee and protect against an injury if the potentially dangerous condition is open and obvious." *Rexroad v. City of Springfield*, 207 Ill. 2d 33, 44 (2003). "Whether a condition is open and obvious depends not on the subjective knowledge but on the objective knowledge of a person confronted with the same condition." *Perez v. Heffron*, 2016 IL App (2d) 160015, ¶ 12. The issue can often present a question of fact, such as in cases where a dispute exists as to the condition's physical nature or visibility. *Wilfong v. L.J. Dodd Constr.*, 401 Ill. App. 3d 1044, 1053 (2010). But where the

parties do not dispute the condition's physical nature, the issue is a question of law. *Bruns*, 2014 IL 116998, ¶ 18.

Here, the parties do not dispute the presence of the hose on the ground. They also agree that the store had adequate lighting. But Stephen disputes the hose's visibility, pointing to her experience of rounding the corner to argue that a reasonable person in her position may not have seen the hose. Stephen's subjective knowledge does not control the inquiry, which requires consideration of what a reasonable person in Stephen's position would have perceived. *See Dunn v. Menard, Inc.*, 880 F.3d 899, 908 (7th Cir. 2018) ("[T]he operative focus is not on plaintiff himself, but on a reasonable person with plaintiff's knowledge of the situation, and whether such an individual, after exercising ordinary perception, intelligence, and judgment, would have appreciated and avoided the hazard."); *Racky v. Belfor USA Grp., Inc.*, 2017 IL App (1st) 153446, ¶ 121 ("The open and obvious doctrine applies only where *both* the condition and the risk are apparent to and would be recognized by a reasonable person."). Stephen presents a question of fact as to whether, from her position, a reasonable person would have recognized the hose as an open and obvious danger. Although Defendants present evidence that the hose was visible from the front or the back of the store and even that Stephen saw the hose after her foot got caught in it but before she fell, they do not present any evidence to contradict Stephen's testimony that she could not see the hose when turning the corner. The Court must submit this factual dispute about the hose's visibility to a reasonable person in Stephen's shoes to a jury. *See Mills v. Costco Wholesale Corp.*, No. 18-cv-0300, 2019 WL 3410217, at *4–5 (N.D. Ill. July 29, 2019) (question of fact as to visibility of hazard where the plaintiff testified that she could not see the hazard due to poor lighting conditions and a wall that blocked her view as she approached the hazard); *Geleta v. Meijer, Inc.*, No. 11 CV 6567, 2013 WL 6797111, at *5–6

(N.D. Ill. Dec. 23, 2013) ("[W]here plaintiffs have failed to notice a condition prior to slipping or tripping, courts consistently have found the open and obvious issue to be a question of fact." (collecting cases))[2]; *Hamilton v. Target Corp.*, No. 11 C 6878, 2013 WL 6050441, at *3 (N.D. Ill. Nov. 15, 2013) ("[T]he puddle's visibility is clearly in dispute. While Hamilton admits that *after* she slipped, the puddle was apparent, other evidence suggests that the puddle was not readily visible *prior* to Hamilton's slip."); *Buchaklian v. Lake Cty. Family Young Men's Christian Ass'n*, 314 Ill. App. 3d 195, 203 (2000) (open and obvious "determination involves a finding of fact even when a plaintiff admits that he or she could have seen the condition if he or she had looked"); *cf. Rosenberg v. Home Depot U.S.A., Inc.*, No. 16-cv-5272, 2019 WL 670262, at *4–5 (N.D. Ill. Feb. 19, 2019) (tripping hazard was open and obvious where the plaintiff admitted that he saw the hazard in question before attempting to step over it).

Even if the Court found that the hose was an open and obvious condition as a matter of law, the Court would still have to consider whether Stephen has created a question of fact as to the applicability of the distraction or deliberate encounter exceptions to the open and obvious rule. *Bruns*, 2014 IL 116998, ¶ 20. The distraction exception applies "where the possessor has reason to expect that the invitee's attention may be distracted, so that he will not discover what is obvious, or will forget what he has discovered, or fail to protect himself against it." *Sollami v. Eaton*, 201 Ill. 2d 1, 15 (2002) (quoting Restatement (Second) of Torts § 343A(1) cmt. f). But a plaintiff must set forth evidence "from which a court can infer that plaintiff was actually distracted." *Bruns*, 2014 IL 116998, ¶ 22. "[T]he mere fact of looking elsewhere does not

---

[2] Defendants contend that *Geleta* "mistakenly hold[s] that openness and obviousness turns on a plaintiff's subjective knowledge." Doc. 76 at 5. But the *Geleta* court properly considered the obviousness of the condition in that case from an objective standard, finding that the plaintiff's testimony about a table obscuring the spill created a question of fact as to whether a reasonable person in plaintiff's position would have seen the spill. 2013 WL 6797111, at *5. Similarly, here, the Court does not consider whether Stephen herself knew of the hose but rather whether she has created a question of fact as to whether a reasonable person rounding the corner would have noticed the hose on the ground.

constitute a distraction." *Id.* That said, "[t]he issue . . . is not whether plaintiff was looking elsewhere, but *why* she was looking elsewhere." *Id.* ¶ 30.

Defendants argue that *Bruns* narrowed the distraction exception so that it only applies when a plaintiff had to divert attention from the hazard or sought to avoid another hazard at the time. Doc. 72 at 8; Doc. 76 at 7. *Bruns* did reject applying the exception to "self-made distraction[s]" that a defendant could not reasonably foresee. *Bruns*, 2014 IL 116998, ¶ 31. But the Court does not read *Bruns* to have rejected applying the distraction exception to situations where a defendant can foresee that a customer may become distracted by its merchandising displays and so fail to avoid a hazard. *See Ward v. K Mart Corp.*, 136 Ill. 2d 132, 149 (1990) ("goods on display" may distract an invitee's attention (quoting W. Keeton, Prosser & Keeton on Torts § 61, at 427 (5th ed. 1984))); *Bruns*, 2014 IL 116998, ¶ 24 (using *Ward* as an example of where the court found the distraction exception to apply). Focusing on a merchandising display does not amount to a "self-made distraction," and courts after *Bruns* have continued to find that goods on display may sufficiently create a distraction for the exception to apply. *See Williams v. Walmart Inc.*, No. 18 C 1356, 2019 WL 2357043, at *4 (N.D. Ill. June 4, 2019) (collecting cases finding that "whether goods in a retail store distracted a customer is a question for the jury"); *Fetzer v. Wal-Mart Stores, Inc.*, No. 13 C 9312, 2016 WL 792296, at *17 (N.D. Ill. Mar. 1, 2016) (declining to find "as a matter of law, that Wal-Mart did not expect customers to focus on its merchandise displays while shopping," noting that instead "it appears likely that Wal-Mart designed its displays to achieve this very result").

Stephen testified that she was distracted from seeing the hose on the ground because she was looking up at flowers that Defendants displayed for purchase as she rounded the corner. Stephen has at least created a question of fact as to whether the distraction exception applies; one

9

could argue that Defendants should have reasonably foreseen that customers like Stephen would be distracted by looking at items displayed overhead and consequently not notice open and obvious hazards on the ground. *See Williams*, 2019 WL 2357043, at *4 ("A reasonable jury could find that [the plaintiff's] focus on the merchandise distracted her from the stack base's presence, and that Walmart caused this distraction by placing the merchandise display near the stack base." (collecting cases)); *Geleta*, 2013 WL 6797111, at *6 ("It's not a stretch to say that a customer at a grocery store may not be canvassing the ground for spills, but instead might be distracted by finding the items on her grocery list"). Thus, the Court cannot conclude at this stage that Defendants did not owe Stephen a duty of care and so denies Defendants' motion for summary judgment.[3]

## CONCLUSION

For the foregoing reasons, the Court denies Defendants' motion for summary judgment [70]. The Court grants in part and denies in part the parties' joint motion for ruling on some of Defendants' proposed undisputed facts in support of their motion for summary judgment and for a briefing schedule for the motion for summary judgment [65].

Dated: December 10, 2020

SARA L. ELLIS
United States District Judge

---

[3] Because the Court finds questions of fact as to whether the hose was an open and obvious hazard and whether, even assuming it was, the distraction exception applies, the Court need not address whether the deliberate encounter exception also would apply. The Court also does not address the remaining factors in the duty analysis because Defendants' argument with respect to these factors relied on a finding that the hose was an open and obvious hazard.