# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

|  |  |  |
|---|---|---|
| ELCY STEPHEN, | ) | Case No. 18 cv 130 |
|  | ) |  |
|  | ) |  |
| Plaintiff, | ) |  |
|  | ) |  |
|  | ) |  |
| HOME DEPOT USA, INC., d/b/a THE | ) |  |
| HOME DEPOT, GRAND FLOWER | ) |  |
| GROWERS, INC., and GRAND SERVICE, | ) |  |
| LLC., | ) |  |
|  | ) |  |
| Defendants. | ) |  |
|  | ) |  |

# PLAINTIFF'S MOTIONS IN LIMINE
# 1-13 and 16

NOW COMES the Plaintiff, ELCY STEPHEN, by and through his attorneys, Briones & Burns, and

pursuant to Judge Ellis' standing order on preparation of the Pretrial Order tenders Motions in

Limine 1-13 and 16 in this single document. Plaintiff will be seeking leave to separately file

Motions in Limine 14, 15, 17 and 18 under seal.

BRIONES & BURNS

By: /s/ *Samuel Briones*

Samuel Briones
Michael F. Burns
BRIONES & BURNS
1912 Ridge Road
Homewood, Illinois 60430
Tel: (708) 799-3800; Fax: (708) 799-5142
Primary Email: BrionesLaw@sbcglobal.net
Secondary Email: MichaelFBurns@SamuelBrionesLawFirm.Com

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| ELCY STEPHEN,<br><br>         Plaintiff,<br><br><br>HOME DEPOT USA, INC., d/b/a THE<br>HOME DEPOT, GRAND FLOWER<br>GROWERS, INC., and GRAND SERVICE,<br>LLC.,<br><br>         Defendants. | Case No. 18 cv 130 |

## PLAINTIFF'S MOTIONS *IN LIMINE* NOS. 1-8

NOW COMES the Plaintiff, ELCY STEPHEN, by and through her attorneys, Briones & Burns, and respectfully moves this Honorable Court *in limine,* prior to trial and the selection of the jury, for an order to inform the Defendants, Defendants' witnesses, and Defendants' counsel to refrain from statements, remarks, arguments, questions, testimony, introduction of evidence, or other attempts to convey to the jury, information regarding any of the following matters:

1.      That any verdict award to the Plaintiff is not taxable income. The Illinois Supreme Court has long held that "the incident of taxation is not a proper factor for the jury's consideration, imparted either by oral argument or written instruction." *Klawonn v. Mitchell,* 105 111.2d 450 (1985);

2.      Any comment or argument that the Plaintiffs' attorneys are asking for a greater amount of money than they may actually expect to be awarded by the jury. In *Carlasare v. Wilhelmi,* 134 Ill. App. 3d 1, 7 (I st Dist. 1985), the court held that defense counsel's argument that Plaintiffs attorneys generally ask for five times more than they believe they are entitled to and that the actual figure sought is one-fifth of the figure that Plaintiff's counsel suggested to the jury is an improper argument. *See also, Kallas v. Lee,* 22 Ill. App. 3d 496, 503-04 (1st Dist. 1974) (finding improper for defense counsel to tell a jury that the damages Plaintiff's counsel requests exceeded the amount he truly expected to recover).

3.      Any reference that the Plaintiff is required to prove a specific dollar amount in order to be compensated for other non-economic damages such as pain and suffering or loss of enjoyment of life. "The amount of damages and injury to a person are not to be measured solely on the basis of specific medical expenses incurred." *Salo v. Singhurse,* 181 Ill.App.3d 641 (5th Dist. 1989).

4.      That any verdict would raise insurance rates and/or that cases like this are responsible for high insurance premiums or place a burden on the public as a whole and/or will be responsible for a high cost ofliving for the public. See *Lukich v. Angeli,* 31 Ill.App.2d 20 (1st Dist. 1961). Additionally, to mention such statistics without any evidence or foundation would merelyserve to inject irrelevant information with no probative value into this case and would prejudice the Plaintiff.

5.      Any comment, comparison, or mention that an award to the Plaintiff would amount to winning the lottery or some other game of chance, a get-rich-quick scheme, welfare program, or the like. *Principato v. Rudd,* 102 Ill.App.3d 362 (1st Dist. 1981).

6.      Any reference or comparison to the amount of previous awards or settlements in similar cases or claims arising out of the same or similar circumstances or involving similar injuries or reference to verdicts or settlements in other cases, or that the Plaintiffs damage award request should be tested for excessiveness against such other cases. *Simmons v. Univ. of Chicago Hosp.,* 247 Ill.App.3d 177 (1st Dist. 1993); *Northern Trust Co. v. County of Cook,* 135 Ill.App.3d 329 (1st Dist. 1985).

7.      Any settlement discussions, offers, demands, or any questions regarding any knowledge of settlement negotiations. FRE 408;

8.      Any reference, comment, or mention of benefits received by the Plaintiffs from any sources wholly independent of, and collateral to, the Defendants, including but not limited to payments made to or benefits conferred on the injured party from other sources, as they are not credited against the tortfeasors' liability, irrespective of the fact that they might cover all or a part of the harm for which the tortfeasors are liable. *Wills v. Foster,* 229 Ill. 2d 393, 403 (2008) (The collateral source rule prohibits the defense from introducing any evidence that the plaintiffs loss has been covered in part by insurance).

WHEREFORE, the Plaintiff respectfully requests that this Honorable Court enter an order and instruct the Defendants, Defendants' counsel and witnesses, to refrain from any statements, remarks, arguments, questions, testimony, introduction of evidence, or any other attempts to convey to the jury, either directly or indirectly, any of the above matters without first obtaining this Court's permission outside the presence and hearing of the jury.

BRIONES & BURNS

By: /s/ *Samuel Briones*

Samuel Briones
Michael F. Burns
BRIONES & BURNS
1912 Ridge Road
Homewood, Illinois 60430
Tel: (708) 799-3800; Fax: (708) 799-5142
Primary Email: BrionesLaw@sbcglobal.net
Secondary Email: MichaelFBurns@SamuelBrionesLawFirm.Com

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| ELCY STEPHEN, | ) | Case No. 18 cv 130 |
| | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| | ) | |
| HOME DEPOT USA, INC., d/b/a THE | ) | |
| HOME DEPOT, GRAND FLOWER | ) | |
| GROWERS, INC., and GRAND SERVICE, | ) | |
| LLC., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## PLAINTIFF'S MOTIONS *IN LIMINE* NO. 9

NOW COMES the Plaintiff, ELCY STEPHEN, by and through her attorneys, Briones & Burns, and respectfully moves this Honorable Court *in limine,* prior to trial and the selection of the jury, to take judicial notice of the "National Vital Statistics Reports, United States Life Tables, 2018," and allow them into evidence.

BRIONES & BURNS

By: /s/ *Samuel Briones*

Samuel Briones
Michael F. Burns
BRIONES & BURNS
1912 Ridge Road
Homewood, Illinois 60430
Tel: (708) 799-3800
Fax: (708) 799-5142
Primary Email: BrionesLaw@sbcglobal.net
Secondary Email: MichaelFBurns@SamuelBrionesLawFirm.Com

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| ELCY STEPHEN, | ) | Case No. 18 cv 130 |
| | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| | ) | |
| HOME DEPOT USA, INC., d/b/a THE | ) | |
| HOME DEPOT, GRAND FLOWER | ) | |
| GROWERS, INC., and GRAND SERVICE, | ) | |
| LLC., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## PLAINTIFF'S MOTIONS *IN LIMINE* NOS. 10

NOW COMES the Plaintiff, ELCY STEPHEN, by and through her attorneys, Briones & Burns, and respectfully moves this Honorable Court *in limine,* prior to trial and the selection of the jury, and respectfully moves this Honorable Court prior to trial and the selection of thejury *in limine,* enter an order *in limine* allowing voir dire on verdicts of a specific sum. In support of their motion, Plaintiff states as follow:

Under Illinois law, Plaintiffs can ask potential jurors during voir dire whether they would feel uncomfortable awarding a verdict for millions of dollars or a specific dollar range if the evidence supported such a sum. *DeYoung v. Alpha Constr. Co.,* 186 Ill. App. 3d 758 (1st Dist. 1989). Indeed, it is proper to inquire as to whether potential jurors have preconceived or fixed ideas about awards of specific sums of money. *Id.* at 765 (citing *Kinsey v. Kolber,* 103 Ill. App. 3d 933 (1st Dist. 1982)). Additional support can be found in *Scully v. Otis Elevator Co.,* 2 Ill. App. 3d 185 (1st Dist. 1971); *Jines v. Greyhound Corp.,* 46 Ill. App.

3d 364 (1st Dist. 1964); and *Murphy v. Lindahl,* 24 Ill. App. 2d 461 (1st Dist. 1960); all such cases were cited in *Kinsey* as "cases where the court held that questions concerning a specific verdict amount tended to uncover jurors who might have bias or prejudice against large verdicts." *Kinsey,* 103 Ill. App. 3d at 946. See also *Pike v. Premier Transp. & Warehousing, Inc.* (N.D. Ill. 2016).

Further, "[t]he purpose of voir dire is to assure the selection of an impartial jury, free from bias or prejudice." *Rub v. Conrail,* 33 l Ill. App. 3d 692, 696 (1st Dist. 2002) (quoting *Dixson v. University of Chicago Hospitals & Clinics,* 190 Ill. App. 3d 369,376 (1st Dist. 1989)). Here, it is essential to inquire about specific sums so as to intelligently exercise peremptory challenge rights pursuant to 735 ILCS 5/2-1106. Questions involving specific sums are essential to the selection of an impartial jury, free from bias or prejudice.

WHEREFORE, the Plaintiffs respectfully request that this Honorable Court enter an order *in limine* allowing voir dire on verdicts of a specific sum.


BRIONES & BURNS

By: /s/ **Samuel Briones**

Samuel Briones
Michael F. Burns
BRIONES & BURNS
1912 Ridge Road
Homewood, Illinois 60430
Tel: (708) 799-3800; Fax: (708) 799-5142
Primary Email: BrionesLaw@sbcglobal.net
Secondary Email: MichaelFBurns@SamuelBrionesLawFirm.Com

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

ELCY STEPHEN,                                  )
                                               )     Case No. 18 cv 130
                                               )
                   Plaintiff,                  )
                                               )
                                               )
HOME DEPOT USA, INC., d/b/a THE                )
HOME DEPOT, GRAND FLOWER                       )
GROWERS, INC., and GRAND SERVICE,              )
LLC.,                                          )
                                               )
                   Defendants.                 )
                                               )

## PLAINTIFF'S MOTION *IN LIMINE* NO. 11
## TO BAR ANY REFERENCE TO CRIMINAL
## HISTORY

NOW COMES the Plaintiff, ELCY STEPHEN, by and through her attorneys,

Briones & Burns, and respectfully moves this Honorable Court *in limine,* prior to trial and

the selection of the jury, for an Order barring questioning, statements, implications, or

references to any criminal history of any witness at this trial. In support of this motion, the

Plaintiff states as follows:

Any allusion to the criminal history of any witness in this case should be barred

as the prejudicial effect of such references would grossly outweigh any probative value in

this case. See Ill. R. Evid. 403 (eff. Jan. 1, 2011). There is no reasonable argument that

any criminal history or background of any of the witnesses in this case has any

probative value.

Furthermore, any attempt by any party to raise the issue of any criminal history

on cross-examination constitutes improper impeachment and must be barred. Under

Rule 609(a) of the Illinois Rules of Evidence, a criminal conviction is only admissible to attack the credibility of a witness if (1) the crime was punishable by death or imprisonment in excess of one year, or (2) involved dishonesty or a false statement regardless of the punishment unless the court determines that the probative value of the evidence is substantially outweighed by the danger of unfair prejudice. (eff. Jan. 6, 2015). Rule 609(b) provides that evidence of a conviction is not admissible if a period of more than 10 years has elapsed since the date of conviction or of the release of the witness from confinement, whichever is the later date. (eff. Jan. 6, 2015).

There is no evidence of any convictions that would constitute proper impeachment of any witness in this case. Therefore, any reference to the same must be barred.

WHEREFORE, the Plaintiff respectfully requests that this Honorable Court enter an order and instruct the Defendants, Defendants' counsel and witnesses, to refrain from any statements, remarks, arguments, questions, testimony, introduction of evidence, or any other attempts to convey to the jury, either directly or indirectly, regarding any criminal history of witnesses in this case, without first obtaining this Court's permission outside the presence and hearing of the jury.

BRIONES & BURNS

By: */s/ Samuel Briones*

Samuel Briones
Michael F. Burns
BRIONES & BURNS
1912 Ridge Road
Homewood, Illinois 60430
Tel: (708) 799-3800; Fax: (708) 799-5142
Primary Email: BrionesLaw@sbcglobal.net
Secondary Email: MichaelFBurns@SamuelBrionesLawFirm.Com

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

ELCY STEPHEN,                                    )
                                                 )        Case No. 18 cv 130
                                                 )
                              Plaintiff,          )
                                                 )
                                                 )
HOME DEPOT USA, INC., d/b/a THE                  )
HOME DEPOT, GRAND FLOWER                         )
GROWERS, INC., and GRAND SERVICE,                )
LLC.,                                            )
                                                 )
                              Defendants.         )
                                                 )

**PLAINTIFF'S MOTIONS *IN LIMINE* NOS. 12**

NOW COMES the Plaintiff, ELCY STEPHEN, by and through her attorneys, Briones & Burns, and respectfully moves this Honorable Court *in limine,* prior to trial and the selection of the jury, for an order *in limine* allowing Plaintiff to use a jury questionnaire. In support of their Motion, the Plaintiff state as follows:

Attached as **Plaintiffs' Exhibit A** is the proposed Jury Questionnaire, which will be answered by the members of the venire after they have been sworn and before oral questioning from the Court or the parties.

According to Illinois Supreme Court 234 and its progeny, the Court has broad  discretion in setting reasonable limitations on the means by which the parties may examine potential jurors in order for the parties to determine the qualifications of individual jurors and intelligently exercise peremptory challenges. See *People v.*

*Lanter*, 230 Ill. App. 3d 72 (4th Dist. 1992). The attached questionnaire has been approved by American Board of Trial Advocates and has been used in Cook County personal injury cases. The expediency with which jurors can complete the questionnaire and its prompt availability to the parties will cut down on oral questioning and allow jurors to answer questions privately, without fear of embarrassment. The questionnaire will supplement the oral questioning by the Court and the parties in such a fashion as to expedite voir dire.

WHEREFORE, Plaintiffs respectfully pray this Honorable Court enter an order *in limine* allowing Plaintiff the use of a jury questionnaire.

BRIONES & BURNS

By: */s/ Samuel Briones*

Samuel Briones
Michael F. Burns
BRIONES & BURNS
1912 Ridge Road
Homewood, Illinois 60430
Tel: (708) 799-3800; Fax: (708) 799-5142
Primary Email: BrionesLaw@sbcglobal.net
Secondary Email: MichaelFBurns@SamuelBrionesLawFirm.Com

EXHIBIT

A

**JUROR NAME:** _____ **Age:** _____ **JUROR #** _____

1.  What is the highest grade that you completed in school? _____
    If college, please list any degrees received: _____

2.  Where do you work and what is your job title? _____
    _____

3.  What jobs has your spouse or significant other held in the past? _____
    _____

4.  Circle any of the following in which you have received training or education:

    Business    Law    Engineering    Health/Medicine    Psychology    Statistics    Teaching    Insurance

5.  Have you ever been the plaintiff (party suing) or a defendant (party being sued) in a lawsuit? _____
    If YES, please explain: _____
    _____
    _____

6.  Have you ever served as a juror in a civil case? _____
    If YES, what type of civil case was it? _____
    Were you the foreperson? _____

7.  What are your favorite 3 TV shows? _____ _____ _____

8.  What talk radio do you listen to regularly? _____

9.  What newspapers, magazines, or journals do you read regularly? _____

10. What groups or organizations do you / your family belong to? _____
    _____

11. List 3 people you admire the most? _____ _____ _____

12. List 3 people you admire the least? _____ _____ _____

13. Which of the following would you use to describe yourself?  (Please circle as many as you think apply to you):

    Analytical    Careful    Compassionate    Detail-oriented    Emotional    Frugal    Generous

    Impulsive    Judgmental    Old-fashioned    Open-minded    Pro-business    Pro-consumer    Sensitive

    Skeptical    Suspicious    Visual    Worrier    Organized    Economical    Thoughtful

14. What do you enjoy doing in your spare time? _____

15. Do you consider yourself to be conservative, moderate, or liberal? (Circle One)

16. Who makes financial decisions in your home? _____

17. Who writes the checks or pays the bills in your home? _____

18. Is there any reason why you could not serve as a juror in this case? _____
    If YES, please explain: _____
    _____

I hereby swear or affirm that all the answers contained in this juror questionnaire are true and correct.

_____          _____
Juror's Signature                                          Date

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

ELCY STEPHEN,                                    )
                                                 )     Case No. 18 cv 130
                                                 )
                        Plaintiff,               )
                                                 )
                                                 )
HOME DEPOT USA, INC., d/b/a THE                  )
HOME DEPOT, GRAND FLOWER                         )
GROWERS, INC., and GRAND SERVICE,                )
LLC.,                                            )
                                                 )
                        Defendants.              )
                                                 )

## PLAINTIFF'S MOTIONS *IN LIMINE* NO. 13

NOW COMES the Plaintiff, ELCY STEPHEN, by and through her attorneys, Briones & Burns, and respectfully moves this Honorable Court *in limine,* prior to trial and the selection of the jury, for an order that the Plaintiff can use the demonstrative exhibits and/or photographic exhibits in opening and closing arguments. *People v. Trent,* 315 Ill.App.3d437 (3d Dist. 2000); *Decker v. St. Mary's Hosp.,* 249 Ill.App.3d 802 (5th Dist. 1993).

A demonstrative exhibit is not substantive evidence, but is instead a pedagogical tool used by a party to persuade the jury. *Baugh v. Cuprum S.A. De C.V.*, 730 F.3d 701 (7th Cir. 2013).

As of the writing of this motion, the Plaintiff is seeking to use the following in opening and closing:

a.  Any of the 15 photographs of the Orland Park Home Depot which previously produced in written discovery and used in multiple depositions.

b.  Orange/red cones.

c.  Yellow Caution signs.

d.  A hose.

e.  A hose reel.

f.  A plant or plants.

g.  Any demonstrative exhibits used in the evidence depositions of treating physicians and retained experts.

WHEREFORE, plaintiff prays for an order for an order that the Plaintiff can use the

demonstrative exhibits and/or photographic exhibits in opening and closing arguments

BRIONES & BURNS

By: /s/ *Samuel Briones*

Samuel Briones
Michael F. Burns
BRIONES & BURNS
1912 Ridge Road
Homewood, Illinois 60430
Tel: (708) 799-3800
Fax: (708) 799-5142
Primary Email: BrionesLaw@sbcglobal.net
Secondary Email: MichaelFBurns@SamuelBrionesLawFirm.Com

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

ELCY STEPHEN,                        )

                                     )     Case No. 18 cv 130

                                     )

                Plaintiff,        )

                                     )

                                     )

HOME DEPOT USA, INC., d/b/a THE    )

HOME DEPOT, GRAND FLOWER       )

GROWERS, INC., and GRAND SERVICE,  )

LLC.,                                  )

                                     )

                Defendants.     )

                                     )

## <u>PLAINTIFF'S MOTIONS IN LIMINE NO. 16</u>

NOW COMES the Plaintiff, ELCY STEPHEN, by and through his attorneys, Briones & Burns, and respectfully moves this Honorable Court *in limine,* prior to trial and the selection of the jury, for an order compelling Todd Mossel, John Mossel, Jeffrey Festian, Bridget Carroll and Haydn Chilcott to testify live at trial without the need for a subpoena.

Parties may be compelled to attend a hearing or trial by court order such as a pretrial order. James Wm. Moore et al., 9 MOORE'S FEDERAL PRACTICE, Ch. 45 (3d ed. 2009).

The Plaintiff is asking this court for an order compelling the following corporate witnesses to testify at trial without the need for a subpoena.

- Todd Mossel, owner and President of Defendant Grand Flower Growers, Inc., and owner of Defendant Grand Service, LLC. Both companies operate out of Wayland, Michigan. Mr. Mossel testified in a deposition in the instant case.

- John Mossel, owner and Vice-President of Defendant Grand Flower Growers, Inc., and owner of Defendant Grand Service, LLC. Both companies operate out of Wayland, Michigan. Mr. Mossel testified in a deposition in the instant case.

- Jeffrey Festian Chief Financial Officer of Grand Flower Growers, Inc., and he also provides the same services without an official title for f Defendant Grand Service, LLC. Both companies operate out of Wayland, Michigan. Mr. Festian testified in a deposition in the instant case.

- Bridget Carroll, MBA, Paralegal/Case Manager at The Home Depot, Atlanta, Georgia. Ms. Carroll signed answers to interrogatories on behalf of the Home Depot. Ms. Carroll's testimony will not be necessary if Home Depot's answers to interrogatories and production response are admitted into evidence and plaintiff's counsel is granted leave to publish relevant admissions to the jury.

- Haydn Chilcott.  Per Mr. Chilcott's Linkedin Profile, he is the Western Division President at The Home Depot, in Corona del Mar, California.  Mr. Chilcott authored a Home Depot Store Communication relevant to the issues in the case.  Mr. Chilcott's testimony will not be necessary if the store communication is admitted into evidence and plaintiff's counsel is granted leave to publish relevant admissions to the jury.


WHEREFORE, Plaintiff prays for an order compelling Todd Mossel, John Mossel, Jeffrey

Festian, Bridget Carroll and Haydn Chilcott to testify live at trial without the need for a

subpoena.


BRIONES & BURNS

By: /s/ *Samuel Briones*


Samuel Briones
Michael F. Burns
BRIONES & BURNS
1912 Ridge Road
Homewood, Illinois 60430, Tel: (708) 799-3800; Fax: (708) 799-5142
Primary Email: BrionesLaw@sbcglobal.net
Secondary Email: MichaelFBurns@SamuelBrionesLawFirm.Com